IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Leanne Joy Lapointe** | * | |
|     **Plaintiff** | * | |
| v. | * | Case No. 1:18-cv-01787-CCB |
| **F, J & D Enterprises, Inc.,** *et al* | * | |
|     **Defendants** | * | |

**JOINT MOTION TO APPROVE
FLSA SETTLEMENT AGREEMENT**

The parties jointly move that the Court approve the attached settlement agreement (Exh. 1). In support of this Motion, the parties state as follows:

1. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014). Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by

the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D.Md.2010)). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 2014 WL 2174751 at *2 (*citing Saman*, 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey* at *2 (*citing Lynn's Food Stores,* 679 F.2d at 1354).

2. In this case, the parties conducted a full exchange of information, including payroll records, prior to engaging in settlement discussions.

3. The settlement agreement was reached in mediation before Magistrate Judge J. Mark Coulson on December 11, 2018. Each side was capably represented by experienced counsel. *See Temporary Services, Inc. v. AIG, Inc.*, 2012 WL 2370523, *12 (D.S.C. June 22, 2012) ("[S]upervision by a mediator lends an air of fairness to agreements that are ultimately reached.") (citing cases).

2

4. The settlement agreement reached is reasonable and fair, considering the facts and issues in controversy. The Court is fully aware of the fact and legal issues, having presided over the settlement negotiations.

5. There remains two additional issues requiring the Court's attention: (1) the maintenance of continuing jurisdiction over this case to supervise the settlement payments; and (2) approval of the Attorneys' Fees and Costs.

6. With respect to the issue of continuing jurisdiction, the parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments. This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers. The parties bring to the Court the following paragraph set forth in the Settlement Agreement:

> **8. CONTINUING JURISDICTION.** The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments made by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) business days after the last payment made to the Plaintiffs and Plaintiffs' counsel by the Defendants, the Parties agree to file by their respective counsel a Notice of Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment is made, counsel will so notify the Court and the case shall be dismissed with prejudice. (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

7.      Finally, there remains the issue of Attorneys' Fees and Costs. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

8.      Under the Settlement Agreement, Plaintiffs' counsel would receive $10,125.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 1. Both parties submit that attorneys' fees and costs were negotiated separately and only after the agreement reached with respect to the Plaintiff's settlement outcome. Given the fact that these negotiations took place as part of a settlement conference supervised by U.S. Magistrate Judge J. Mark Coulson, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiff's personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[1]

---

[1]    If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour*, 2011 WL 5375082 at *3 (citation omitted) (quotation omitted); *see also Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is

9.      Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiffs' counsel has agreed to accept a payment of $10,125.00 for attorneys' fees in this case.  Plaintiffs' counsel submits Declarations together with their detailed billing statement.  *See* Exhibits 2, 3 and 4.  As detailed in his billing statement, Howard B. Hoffman has worked on Plaintiff's claims at the hourly rate of $400.00,[2] and has worked 27.9 hours.  *See* Exh. 2, and 2-A.  Jordon S. Liew, an associate attorney employed by Hoffman who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at an hourly rate of $205.00, and worked 18.1 hours.  *See* Exh. 3.  Finally, Gregory B. Herbers, an associate attorney employed by Hoffman who is an experienced and capable attorney admitted in the State of Maryland worked on Plaintiff's claims at an hourly rate of $205.00, and worked 7.8 hours.  *See* Exh. 4.  In addition to the above, costs in this case amount to a total of $747.56.  *See* Exh. 2 ¶ 5; see also Exh 2-A.  As such, the total amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation, and in fact represents a substantial reduction and compromise in the amount of attorneys' fees and costs incurred by counsel. (The total value of fees and costs is $17,074.56, versus $10,125.00 as the amount agreed upon for fees and costs).

---

apparent from the face of the documents.'") (citation omitted).

[2]    Mr. Hoffman has over 19 years of relevant legal experience.  The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400.  Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425.  Jordan S. Liew and Gregory B. Herbers, both younger yet accomplished lawyers, have an hourly rate of $205/hour, which is well within range provided by L.R. Appendix B for similar lawyers ($150-$225).

WHEREFORE, the parties request that this Court approve the proposed Settlement Agreement as a fair and reasonable resolution of the parties' FLSA dispute and approve and issue the proposed Order implementing the terms of the Settlement Agreement.

Respectfully submitted

| | |
|---|---|
| ___/s/_____ | ___/s/_ with permission_____ |
| Howard B. Hoffman, Esq. #25965 | T. Christine Pham, Esq. #25446 |
| Jordan S. Liew, Esq. | Rosenberg Martin Greenberg, LLP |
| Hoffman Employment Law, LLC | 25 South Charles Street, Suite 2115 |
| 600 Jefferson Plaza, Suite 204 | Baltimore, Maryland 21201 |
| Rockville, Maryland 20852 | (410) 727-6600 (phone) |
| (301) 251-3752 (phone) | (410) 727-1115 (fax) |
| (301) 251-3753 (fax) | cpham@rosenbergmartin.com |
| hhoffman@hoholaw.com | |
| | *Counsel for Defendants* |
| *Counsel for Plaintiffs* | |

APPROVED:

_____   _____
Hon. J. Mark Coulson                                               Date
U.S. Magistrate Judge