Blumberg No. 5199

PLAINTIFF'S
EXHIBIT
1

# SETTLEMENT AGREEMENT AND FULL AND
# FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this ____ day of December, 2018, by and between Plaintiff, Leanne Lapointe ("Plaintiff") and Defendants, F, J &D Enterprises, Inc., Herring Creek Associates, LLC, Alessandro "Alex" Fraschetti and Demetrios Dikos (collectively, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

WHEREAS, Plaintiff, a former employee of Alex's Restaurant operated by F, J & D Enterprises filed suit (the "Lawsuit") against Defendants alleging that she is owed unpaid minimum and/or overtime wages, and her termination was retaliatory.

WHEREAS, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiff;

WHEREAS, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way relating to the Parties' employment and working relationship with each other or termination thereof;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1.     **PAYMENT.**  In consideration of Plaintiff's decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiff, through her counsel, the total sum of Ten Thousand One Hundred Sixty-Three Dollars and ninety-five cents ($10,163.95).  As Plaintiff has asserted a retaliation claim, the entire amount will be reported on a Form 1099, box 3, to be issued by F, J &D Enterprises, Inc. This payment shall be made payable to "Leanne Lapointe" and delivered to Plaintiff's counsel, Howard B. Hoffman, Esquire ("Hoffman") within seven business days of execution of this Agreement.

2.     **ATTORNEYS' FEES.**  As additional consideration for Plaintiff's execution of this Agreement, Defendants agree to pay Hoffman, the total sum of Ten Thousand One Hundred Twenty-Five Dollars ($10,125.00) in nine monthly installments of $1,125.00 per month, in full settlement of all attorneys' fees, costs, and expenses arising out of this case (to include all those fees and costs and expenses incurred by counsel and any experts).  The first payment will be due on the first day of the first month following payment to Plaintiff.  These payments of attorney's fees shall be made payable to Plaintiff's counsel, "Hoffman Employment Law, LLC" and delivered to Hoffman within seven business days of execution of this Agreement at 600 Jefferson Plaza, Ste. 204, Rockville, Maryland 20852.

3.     **ADMISSION BY PLAINTIFF**: Plaintiff admits and agrees that Defendants have paid all sums earned by and owed to her, including, but not limited to, all salary, tips, bonuses, wages (including minimum wages), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and any and all other wages, compensation, benefits and

prerequisites as a result of her employment with Defendants and/or separation from employment, and further acknowledge that the payments under this Agreement are in full payment of anything of value to which they would be entitled under any policy, plan or procedure of Defendants. Plaintiff also expressly waives any right or claim that she may have or may assert to employment or reinstatement to employment, or to payment for salary, wages, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

4.     **FULL AND FINAL RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiff by Defendants, Plaintiff, for herself, and her attorneys, heirs, beneficiaries, executors, administrators, successors and assigns, fully, finally and forever waive, release and discharge each and all of the Defendants, and their heirs, beneficiaries, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their successors, assigns, officers, directors, shareholders, owners, managers, supervisors, employees, members, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), from and of all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either relating to employment or as a result of the cessation of Plaintiff's alleged employment or otherwise, any and all claims alleging wrongful termination, failure to pay wages (including the minimum wage), improper deductions, failure to pay or reimburse for expenses, failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, tortious conduct, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

        a.     This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters

2

referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

b.   Plaintiff expressly waives any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

c.   Plaintiff represents that she has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which he had, has or may have against Releasees.

5.   **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the Full and Final Release, is intended to, or will, preclude Plaintiff from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same.   The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement.   However, by signing this agreement, Plaintiff agrees and acknowledges that she is waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief.  The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiff is entitled regarding anything occurring on or before the date on which they sign this Agreement, including anything regarding her alleged employment with the Defendants and/or the termination of that relationship.

6.   **CONFESSION OF JUDGMENT**: A Confessed Judgment Note (the "Note") is attached to this Agreement as Exhibit A and is incorporated by reference as if fully set forth herein. The Parties agree that the due date for the first payment of One Thousand One Hundred Twenty Five Dollars ($1,125.00) shall be added to the Note once the U.S. District Court approves of this Agreement, and that the due date shall be no less than one month following the due date for the payment to Plaintiff, a date to be determined by the approval of this Agreement by the U.S. District Court. Defendants shall all sign the Confessed Judgment Note attached hereto as Exhibit A, as modified, and deliver the fully executed original Confessed Judgment Note to Plaintiffs' counsel, Howard B. Hoffman, Esq., together with the payment to Lapointe, as required by this Agreement.

7.   **COURT APPROVAL REQUIRED.**   Within three (3) business days of the Parties' execution of this Agreement, counsel for Plaintiff shall file with the Court a Joint Motion for Approval of this Agreement and proposed Order, and an Order providing for the dismissal of the Lawsuit with prejudice upon the Court's approval of this Agreement and final and unconditional payment of all monies due hereunder.  If the Court (i) does not approve of this Agreement, or (ii) declines to review this Agreement in any manner (ie, in open court or via filing

3

with the Court's ECF filing system), this Agreement shall be void and of no force or effect. In that event, the Parties will work cooperatively, if practicable, to submit a revised Agreement to the Court for approval.

**8.** **CONTINUING JURISDICTION.** The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments made by the Defendant of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) business days after the last payment made to the Plaintiffs and Plaintiffs' counsel by the Defendant, the Parties agree to file by their respective counsel a Notice of Dismissal with the Court, dismissing this Lawsuit against the Defendant with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendant.

**9.** **NO OTHER CLAIMS.** Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants (or any Releasees) with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of herself or others, at any time for actions taken up to and including the date Plaintiff executed this Agreement. Plaintiff waives all collective and/or class allegations and withdraws, and if filed, agrees to dismiss same with prejudice.

**10.** **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants or any Releasee of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants expressly deny any intent, willingness, or plan to violate any provision of the FLSA, MWHL, MWPCL or any other statute. Defendants do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation.

The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency. The Parties agree that there has been no determination or admission that the Plaintiff meets the requisites to maintain a collective action under the FLSA, or a class action. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

**11.** **GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Worcester County, Maryland, and for venue shall be within Worcester County, Maryland for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payments under paragraphs 1 and 2, which may be enforced in either the District Court for Worcester County,

4

Maryland or the United States District Court for the District of Maryland.

**12.**   **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

**13.**   **NO OTHER PROMISES.** Plaintiff affirms that the only consideration for Plaintiff signing this Agreement is that set forth herein and that no other promise or agreement of any kind has been made to or with Plaintiff by any person or entity to persuade or cause Plaintiff to execute this document, and that Plaintiff fully understands the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

**14.**   **RIGHT TO REPRESENTATION, TIME LIMITS AND REVOCATION PERIOD.** Plaintiff, in receiving a copy of this Agreement, acknowledges that she has been advised in writing to seek the advice of her attorney before signing this Agreement, he has had adequate opportunity to so consult and has so consulted. Plaintiff may consider this Agreement for twenty-one (21) days from the date she receives this Agreement. If Plaintiff elects to sign this Agreement in less than twenty-one (21) days, then she is waiving her right to consider this Agreement for up to twenty-one (21) days. Plaintiff shall also have the right to revoke this Agreement at any time within seven (7) days after the date she has signed it. To revoke the Agreement, Plaintiff must cause a signed copy of this Agreement, marked "Revoked," to be delivered to Christine Pham, Rosenberg Martin Greenberg, LLP, 25 S. Charles Street, 21st Floor, Baltimore, Maryland 21201, before the end of the seven-day period. The date of signing, as indicated next to her signature, will mark the beginning of the seven-day revocation period. This Agreement will become effective on the 8th day after Plaintiff signs it, provided that it has not been revoked before that day, and, provided further, that the Court approves this Agreement in full and dismisses this case. Plaintiff acknowledges that should Plaintiff exercise her right to revoke provided under this Section, doing so shall render all of the Agreement's provisions null and void.

**15.**   **LEGALLY BINDING AGREEMENT.** Plaintiff understands and acknowledges (a) that this is a legally binding release; (b) that by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiff, and their respective heirs, beneficiaries, attorneys, administrators, representatives, executors, successors and assigns.

**16.**   **CONSTRUCTION.** This Agreement was jointly prepared by the Parties and any uncertainty and ambiguity shall not be interpreted against any one party.

**17.**   **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

5

DocuSign Envelope ID: 9E858792-3D2E-4DE1-88DF-16EE9C5A09B7

**18.    AGREEMENT IS KNOWING AND VOLUNTARY.**    Plaintiff further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. Plaintiff represents and warrants that he has fully discussed this Agreement with her attorneys, and that all terms are understood and that the execution of this Agreement is completely voluntary.

**19.    ELECTRONIC SIGNATURES/COUNTER-PARTS.**    Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party.  Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

*PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| Date: 01/04/19 | For:   F, J &D Enterprises, Inc., <br><br> By: _Alex Fraschetti_ <br> Name:  Alessandro Fraschetti <br> Title:  President |
|---|---|
| Date: 01/04/19 | For:   Herring Creek Associates, LLC, <br><br> By: _Alex Fraschetti_ <br> Name: Alessandro Fraschetti <br> Title:  Authorized Member |
| Date: 01/04/19 | _Alex Fraschetti_ <br> Name: Alessandro Fraschetti |
| Date: 01/04/19 | _Demetrios Dikos_ <br> Name:  Demetrios Dikos |
| Date: <br> 1/8/2019 | Name:  Leanne Lapointe   Leanne Lapointe <br> Current Street Address: _____ <br> City/State/Zip Code: 100 sea lane ocean city Maryland 21842 |

**Exhibit A**
**CONFESSED JUDGMENT NOTE**

$10,125.00

January ___, 2019

FOR VALUE RECEIVED, the undersigned, F, J &D Enterprises, Inc., Herring Creek Associates, LLC, Alessandro "Alex" Fraschetti and Demetrios Dikos (the "Promisors"), jointly and severally, promise to pay to the order of Hoffman Employment Law, LLC (collectively referred to as the "Noteholder"), the principal sum of Ten Thousand One Hundred Twenty-Five Dollars Exact ($10,125.00), payable in full in nine separate payments on the dates and in the amounts described herein below.

The Promisors shall pay the sum of One Thousand One Hundred Twenty Five Dollars ($1,125.00) to the Noteholder on _____, 2019. Within thirty (30) calendar days of the date on which the first payment was due under this Confessed Judgment Note, and every thirty days thereafter for a total of eight (8) additional months, Promisors shall pay Noteholder the sum of One Thousand One Hundred Twenty Five Dollars ($1,125.00) to the Noteholder.

It is understood and agreed by and between the Noteholder and Promisors hereof that the Promisor, in addition to the payments described hereinabove, shall have the right and privilege, without penalty, to prepay any sum at any time on this Confessed Judgment Note to the Noteholder.

In the event Promisors fail to make any of the payments, as described hereinabove, by the date upon which such payment is due, Promisors shall be deemed to be in default of this Confessed Judgment Note and payment of the balance owed to Noteholder, shall be immediately due.

The Promisors, together with their makers, endorsers, guarantors and sureties, hereby severally waive presentment for payment, demand, protest and notice of protest and non-payment. The Promisors, together with their makers, endorsers, guarantors and sureties, hereby severally agree that the entire unpaid principal balance of this Confessed Judgment Note, shall, at the option of the Noteholder, become immediately due and payable without notice or demand upon the default by the undersigned of any term or provision of this Confessed Judgment Note. The Promisors, together with their makers, endorsers, guarantors and sureties, hereby jointly and severally agree to pay all costs of collection including any reasonable attorney's fees if this Confessed Judgment Note shall be referred to an attorney for collection and authorize the clerk of any court or any attorney of record to confess judgment without stay of execution and without demand, summons or other process to be entered against each of the undersigned by the proper official, at any time for the amount of principal due hereunder, and reasonable attorney's fees on said amount so confessed plus court costs, and hereby waive all exemptions to the extent permitted by law and release and waive any and all errors in connection with the entry of said judgment, or in any attachment or execution that may be issued thereon.

The undersigned hereby acknowledge receipt of a copy of this Confessed Judgment Note and further acknowledge that the terms, conditions and provisions of said Note, and the confessed judgment clause, are fully understood by the undersigned.

7

IN WITNESS WHEREOF, F, J &D Enterprises, Inc., Herring Creek Associates, LLC, Alessandro "Alex" Fraschetti and Demetrios Dikos have signed this Confessed Judgment Note under seal on the day and year first above written.

**F, J &D Enterprises, Inc.**

ATTEST: _____          By: _____ (SEAL)
                                      Title: _____

**Herring Creek Associates, LLC**

ATTEST: _____          By: _____ (SEAL)
                                      Title: _____

WITNESS: _____          _____ (SEAL)
**Alessandro "Alex" Fraschetti**

WITNESS: _____          _____ (SEAL)
**Demetrios Dikos**

8