IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEANNE JOY LAPOINTE, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 18-cv-01787-JMC |
| F, J & D Enterprises, Inc., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \*

**ORDER APPROVING FLSA SETTLEMENT AGREEMENT**

Pending before the Court is the parties' Joint Motion to Approve FLSA Settlement Agreement. (ECF No. 21). After careful consideration and review of the parties' joint motion, the memorandum in support thereof, and settlement agreement,[1] it is hereby:

ORDERED that the Settlement Agreement is APPROVED as a fair and reasonable resolution of the parties' Fair Labor Standards Act ("FLSA") dispute;[2]

ORDERED that the parties' Joint Motion for Judicial Approval of Settlement is GRANTED;

---

[1] The Settlement Agreement was filed as Exhibit 1 to the joint motion. (ECF No. 21-1).

[2] In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student*, Inc., No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* The Court thus considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Lomascolo v. Parsons Brinckerhoff, Inc*., No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)). Based on the parties' motion, I find that there are FLSA issues actually in dispute, and the settlement reached by the parties is reasonable. Additionally, based the parties' memorandum and Plaintiff's Counsels' declarations, I find that the amount of attorney's fees agreed upon is also reasonable under the lodestar analysis.

ORDERED, that pursuant to Paragraph 1 of the Settlement Agreement and in accordance with Local Rule 111, this case is dismissed without prejudice to the right of a party to move for good cause to reopen the case within 30 days if the settlement is not consummated. If no party moves to reopen, the dismissal shall be with prejudice; and

The Clerk of Court is directed to CLOSE this case.

Dated: January 15, 2019                                /s/
                                                     J. Mark Coulson
                                                     United States Magistrate Judge